## Case No. 3,424.

### CROSBY v. LAPOURAILLE et al.

[Taney, 374.] [1]

Circuit Court, D. Maryland.   Nov. Term, 1854.

#### PATENTABILITY OF COMBINATION.

A combination in machinery is patentable, if the combination be new, although the elements which compose it may be old, provided it was invented by the patentee, and is not the mere effort of ordinary mechanical skill, putting together known powers and combinations to produce the result.

---

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

In equity. The object of the bill filed in this case was, to restrain the defendants [A. P. Lapouraille and William H. Maughline], by injunction, from an alleged infringement of a patent for a saw-mill [granted to N. & Pearson Crosby, March 27, 1835]. The case was submitted and argued upon bill and answer. The facts sufficiently appear from the opinion of the court.

The issues of fact were not tried by a jury, and at November term, 1856, the bill was dismissed with costs [not reported].

Schley & Latrobe, for complainant.
Wm. H. Young, for defendants.

TANEY, Circuit Justice. This case has been submitted for final hearing upon bill and answer and general replication. The object of the bill is, to enjoin the respondents, perpetually, from using a certain machine for sawing lumber, which is particularly described in the answer, upon the ground that the machine, as thus described and admitted to be used, is an infringement of a patent granted to the complainant for a machine of the like character. The patent, under which he claims, is exhibited with the bill. The oral argument in court, as well as the written arguments since presented, have been chiefly directed to the construction of the patent of the complainant, and the extent of the claim made in it. Upon this point, the court is of opinion:

1. That the patent is for a combination; and undoubtedly, it is patentable, if the combination is new, although the elements which compose it may be old, provided it was invented by the complainant, and is not the mere effort of ordinary mechanical skill, putting together known powers and combinations to produce the result.

2. The patent of the complainant covers the saw, as described in his specification, in combination with the framework, and any saw hung and strained in a manner substantially the same; but it does not cover a combination in which a saw may be combined with the framework, and hung and strained in a manner substantially different from that described in his specification. In other words, it does not cover every combination in which a saw acts perpendicularly, and produces the prescribed result upon lumber pressed against it, in the manner set forth in the patent and specification. The saw used must be hung and strained substantially in the manner described, in order to be covered by the patent.

The second part of the claim, is for the particular manner of hanging and straining the saw by the combination of three stirrups at the end. This claim covers a saw of this description, although the other machinery combined with it may be entirely different from that described in the specification of the complainant. The dispute in this case, however, is not upon the second branch of

the claim, but upon the first branch. The complainant contends that his patent is infringed, if a saw hung and arranged in any manner for sawing timber, is used in combination with the machinery and framework described in the specification, upon the ground that a saw hung and strained in any manner, with this combination, is a violation of the patent. I have already said, that I do not think this proposition can be maintained, and that the patent is not infringed, unless the saw is hung and prepared for its work in a manner substantially the same with the mode of hanging and arranging it mentioned in the specification.

But there are two questions of fact to be decided, before the case can be disposed of. The saw used by the respondents is particularly described in their answer, and certainly does not appear to be hung in precisely the same manner with the complainant's; but it may or may not be substantially the same, with only an important variation. The testimony of experts may be necessary on this question.

So again, the answer denies that a combination, such as the complainant describes, with a saw hung in the manner of the respondents, would be a new and patentable invention. He avers that his saw is hung and works in the manner used in some mills, long before the plaintiff obtained his patent; and that in the framework, by which the timber is moved forward to the saw and presented to its action, he has done nothing more than adopted the machinery long known and used in Woodworth's planing-machine, and indeed known and used, as he avers, before the patent for that invention. And that no change is made in this machinery to adapt it to sawing timber, beyond such slight alterations as would suggest themselves to a mechanic of ordinary skill, who was acquainted with the planing-machines in which it was used. And therefore, if the machine and combination he uses is substantially the same with the combination for which the complainant has obtained a patent, that combination was not new, and not patentable.

Here then are two questions of fact to be decided, before a final decree can be passed: (1) Whether the combination used by the respondents, hanging and arranging the saw in the manner described in the answer, is substantially the same with the improvement patented by the complainant, and the construction placed upon the patent, by the court as above stated? (2) If it be substantially the same, and covered by the complainant's patent, as construed by the court. is this combination a new invention for sawing lumber into boards, or is it substantially the same with all combinations known and used before this patent was issued?

There are some admissions of fact made in the argument on both sides, but the court must act upon the case as presented by the pleadings; for there is no agreed statement of facts, nor any testimony in the case; and the court cannot decree upon admissions made arguendo by counsel.

The case is, therefore, continued by order of the court until the next term, when the court will direct issues to be tried by a jury, upon the two questions of fact above stated.